## J. M. LANEY v. SMITH PASE.

**Estoppel—Agreement as to Boundary Line—Failure to Give Notice.**
> Where a devisee agreed with his brothers and sisters as to a boundary line of the land devised to them by their father, whereby he was to have all the land east of such line, and he stood by and permitted the land west of the line to be sold without giving any warning or notice of claim thereto by him, he is estopped to assert a claim to any portion of the land west of such line.

**Trial—Instructions—Waiver.**
> Error in refusing to give or in qualifying instructions given, is waived by failure to object and except to such action of the court.

APPEAL FROM SIMPSON CIRCUIT COURT.

March 18, 1874.

OPINION BY JUDGE PETERS:

Prior to 1855 the father of appellant devised to him the tract of land on which appellant lived; and the residue of his lands to his other children, the brothers and sisters of appellant. After the death of their father, appellant agreed with his brothers and sisters

on a line dividing his land from theirs, which is shown on the surveyor's plat as the line from the letter "P" to the number "19". The brothers and sisters of appellant sold, and in 1855 conveyed their land to G. W. Hay, which land lay west of and up to the line from "P" to "19"; and appellant lived on, and claimed the land east of, and up to the same line.

When Hay purchased, appellant made no claim to the land now in controversy, although it is included in Hay's deed. Hay sold to Wilson, he to Dean, and Dean to the father of appellee; and during all these sales appellant stood by, for he lived on the adjoining tract, claiming under his father's will, under which the vendees of his brothers and sisters claimed, saw them pay, or knew that they were paying their money for this land, and gave them no warning of danger, and claimed himself the benefit of the agreement he made with his brothers and sisters, fixing the line as appellee now claims it. Under these circumstances appellant is in no condition to assert title to the land, even if the patents under which his father claimed the land did not cover it.

Having surrendered this land to his brothers and sisters in consideration that they gave up to him all the land east of the conventional line, if he, by his patent acquired title to any of it, it would inure to their benefit and that of their vendees.

We therefore perceive no error in the refusal of the court below to give instruction No. 1 asked for by appellant, and in qualifying Nos. 10 and 11. Besides, we may observe that we have not been able to find any exceptions in the record to the rulings of the court in refusing and qualifying instructions, so that the errors, if there were any, should be considered waived.

The judgment must be affirmed.

*Bush, for appellant.*

*Geo. C. Harris, for appellee.*